# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JOSEPH FERRARI,<br><br>                Plaintiff,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | CASE NO. 19-5996 RJB-TLF<br><br>ORDER ON UNITED STATES' MOTION TO DISMISS AND MOTION TO STAY AND PLAINTIFF'S MOTION FOR DISCOVERY AND HEARING |

This matter comes before the Court on the United States' Motion to Dismiss (Dkt. 8) and Motion to Stay Deadlines (Dkt. 15), and the Plaintiff's Objection to Substitution of United States, Response to Motion to Dismiss, and Request for Discovery and Evidentiary Hearing (Dkt. 12) which the Court should construe as a motion for limited discovery and for an evidentiary hearing. The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

## I.     FACTS AND PROCEDURAL HISTORY

This case arises from reports that Plaintiff Joseph Ferrari sexually assaulted Erin Ford while they were both officers in the United States Navy. Dkt. 1. The case was originally filed in

ORDER ON UNITED STATES' MOTION TO DISMISS AND MOTION TO STAY AND PLAINTIFF'S MOTION FOR DISCOVERY AND HEARING - 1

Kitsap County, Washington and named Ford as the Defendant. Dkt. 10. The Amended Complaint maintains that Ford lied. Dkt. 1-1. The Plaintiff asserts claims for slander, liable, defamation, and a "tortuous act." *Id.* The United States removed the case to this Court. Dkt. 1. Pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1), the United States certified that Ford was employee of the United States and was acting within the course and scope of her official duties at the time. Dkt. 2-1. The United States substituted itself as the Defendant. Dkt. 2.

On October 25, 2019, the United States filed the instant motion to dismiss arguing that the case should be dismissed because: (1) the Court lacks subject matter jurisdiction over tort claims (like liable, slander and defamation) that are barred by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et. seq.*; (2) the Court lacks subject matter jurisdiction because the Plaintiff failed to exhaust his administrative remedies; and (3) leave to file a second amended complaint should be denied as futile. Dkt. 8.

The Plaintiff responded and: (1) objected to the substitution of the United States as defendant, arguing that if Ford lied about the sexual assault and other matters, she was not acting in the course or scope of her employment; (2) moves for leave to do discovery and for an evidentiary hearing (at least 90 days from now) to determine whether Ford was acting within the course or scope of her employment at the relevant time; and (3) argues if Ford was not, the motion to dismiss should be denied because the FTCA does not apply. Dkt. 12.

The United States filed a reply and states that it does not oppose Plaintiff's request for limited discovery and an evidentiary hearing to determine whether Ford was acting within the scope of her employment when she reported Plaintiff's alleged sexual assault. Dkt. 15. It concedes that there are material issues of fact pertaining to the United States' certification that

Ford was acting within the course and scope of her employment. *Id.* The United States moves for a stay of all other deadlines until the Court has ruled on the certification challenge. *Id.*

This opinion should first address the Plaintiff's motion for limited discovery and an evidentiary hearing to determine whether the United States properly certified that Ford was acting within the course and scope of her employment at the relevant time, then, the United States' motion to stay, and lastly, the United States' motion to dismiss.

## II.  DISCUSSION

### A. PLAINTIFF'S MOTION FOR DISCOVERY AND A HEARING ON HIS CHALLENGE OF U.S. CERTIFICATION

Under the "Westfall Act, a federal employee is immune from suit upon certification of the Attorney General that the employee was acting within the scope of his employment." *Pauly v. U.S. Dep't of Agri.*, 348 F.3d 1143, 1150 (9th Cir. 2003). The U.S. Attorney certified that Ford was acting within the course and scope of her employment here. "This certification is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident. The plaintiff bears the burden of disproving the certification by a preponderance of the evidence." *Id.*, at 1151 (*internal quotation marks and citations omitted*).

Under the Westfall Act, state law governs the scope-of-employment inquiry. *Id.* Pursuant to Washington law, employees act within the scope of their employment, even if their "acts are contrary to instructions or constitute intentional torts, when [they are] engaged in the performance of the duties required" of them by their "contract of employment or when [they are] engaged at the time in the furtherance of the employer's interest." *Id.*

The United States does not oppose Plaintiff's motion for limited discovery, and if necessary, an evidentiary hearing, to determine whether Ford was acting within the course and scope of her employment when she reported Plaintiff's alleged sexual assault. Accordingly, the

Plaintiff's motion (Dkt. 12) should be granted. On or before December 6, 2019, the parties should file a proposed discovery schedule and available hearing dates with the Court.

**B. MOTION TO STAY**

The United States' motion for a stay of all other deadlines until the Court has ruled on the certification challenge (Dkt. 15) should be granted. There is a sufficient showing that a stay is appropriate here.

**C. MOTION TO DISMISS**

The United States' Motion to Dismiss (Dkt. 8) should be stricken to be renoted, if appropriate, after a decision on the Plaintiff's certification challenge.

## III. <u>ORDER</u>

Therefore, it is hereby **ORDERED** that:

- The Plaintiff's motion for limited discovery, and if necessary, an evidentiary hearing, to determine whether Ford was acting within the course and scope of her employment when she reported Plaintiff's alleged sexual assault (Dkt. 12) **IS GRANTED**;
- On or before **December 6, 2019**, the parties **SHALL FILE** a proposed discovery schedule and available hearing dates with the Court;
- The United States' motion for a stay of all other deadlines until the Court has ruled on the certification challenge (Dkt. 15) **IS GRANTED**; and
- The United States' Motion to Dismiss (Dkt. 8) **IS STRICKEN**, to be renoted, if appropriate after a decision on the certification challenge.

///

///

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.
3    Dated this 26th day of November, 2019.

    *Robert J. Bryan*
    ROBERT J. BRYAN
    United States District Judge