District Judge Robert J. Bryan
Magistrate Judge Theresa L. Fricke

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH FERRARI,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

CASE NO. C19-5996-RJB-TLF

UNITED STATES' MOTION TO COMPEL DEPOSITION OF PLAINTIFF JOSEPH FERRARI

Noted for consideration:
March 20, 2020

    COMES NOW the Defendant, United States of America, by and through counsel of record, Brian T. Moran, United States Attorney for the Western District of Washington, and Kristen R. Vogel, Assistant United States Attorney for said District, and hereby moves for an order compelling the deposition of plaintiff Joseph Ferrari pursuant Federal Rule of Civil Procedure 37 and LCR 37.

    The parties met and conferred on this dispute on March 11, 2020 without resolution. *See* Declaration of Kristen R. Vogel ("Vogel Decl."), dated March 12, 2020 and filed herewith, at ¶ 2-3.

UNITED STATES' MOTION TO COMPEL DEPOSITION OF
PLAINTIFF JOSEPH FERRARI
C19-5996- RJB-TLF - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## BACKGROUND

Plaintiff Joseph Ferrari, a Lieutenant Commander in the Navy, sued Lieutenant Junior Erin Ford for defamation based on allegations that she falsely reported to the Naval Criminal Investigative Service that Plaintiff had sexually assaulted her. *See* Amended Complaint, ECF Dkt. 1-1 at ¶ 3. On November 18, 2019, Plaintiff filed an objection to the Substitution of United States as proper party defendant pursuant to the Federal Tort Claims Act ("FTCA"), and requested discovery and an evidentiary hearing on the issue of whether Lieutenant Ford lied about the allegations "because lies are NOT within the scope of her employment as would warrant protection under the FTCA, the Westfall Act, 28 U.S.C. § 2679(d)(1) . . ." ECF Dkt. 12. On December 6, 2019, after conferring, the parties filed a Joint Discovery Plan Regarding Certification of Scope of Employment. ECF Dkt. 17. The parties agreed that limited discovery was necessary. *Id.*[1] Plaintiff never indicated that it was his position discovery was not warranted.

Pursuant to Federal Rule of Civil Procedure 30, on February 14, 2020, Defendant served notice of Plaintiff's deposition, which Defendant currently scheduled for March 23, 2020. *See* Vogel Decl., at ¶ 4.[2] The parties are conducting limited discovery on Plaintiff's challenge to certification of scope-of-employment and Defendant needs to depose Plaintiff to obtain the discovery Defendant needs, and is entitled to, in order to oppose Plaintiff's challenge.

---

[1] A more fulsome summary of the procedural history to date is provided in the United States' motion for relief from deadline for Plaintiff's motion for summary judgment. *See* ECF Dkt. 23 at pgs. 2-4.

[2] Defendant is amenable to a different date for Plaintiff's deposition, and is also aware that COVID-19 may impact the timing of the deposition. However, the ultimate issue before the Court remains the same, that is, whether Plaintiff can refuse to be deposed before the Court rules on his motion for summary judgment.

UNITED STATES' MOTION TO COMPEL DEPOSITION OF
PLAINTIFF JOSEPH FERRARI
C19-5996- RJB-TLF - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **ARGUMENT**

Plaintiff has now communicated to Defendant his position that discovery should be stayed pending the Court's ruling on Plaintiff's motion for summary judgment, noted for consideration on May 22, 2020.[3]  However, Defendant cannot oppose Plaintiff's motion for summary judgment without first obtaining discovery, namely, Plaintiff's deposition.  For example, in Plaintiff's motion for summary judgment, he argues that "no new evidence of any significance [has] been produced by anyone including the United States." ECF Dkt. 21, at pg. 8.  However, the United States has not had the opportunity to depose Plaintiff on the subject matter that Plaintiff seeks to challenge.  Plaintiff cannot simultaneously argue there are no new facts while willfully depriving Defendant of fact discovery in the form of his deposition.

Plaintiff also argues that this Court is bound by the Navy Board of Inquiry's Report, by a vote of 2-to-1, that the preponderance of evidence did not support a finding that Plaintiff engaged in abusive sexual contact with Lieutenant Ford. ECF Dkt. 21, at pgs. 2-6, 18.  Plaintiff's argument fails.

First, the Navy Board of Inquiry is not a "military court" and none of the cases cited by Plaintiff in his motion for summary judgment are even remotely analogous to the issue before the Court here:  a *de novo* review of Plaintiff's challenge to the United States' certification of scope-of-employment pursuant to the FTCA.  Instead, the cases cited by Plaintiff relate to habeas corpus petitions in the criminal context, or a petitioner seeking judicial review of an adverse agency decision against him or her. ECF Dkt. 21, at pgs. 2-7.

---

[3] Because the Court has not stayed discovery on the scope challenge, it should be Plaintiff's burden to move for a protective order.  However, out of an abundance of caution, Defendant seeks an order compelling Plaintiff to appear at his deposition.  *See* Vogel Decl., at ¶ 4.

UNITED STATES' MOTION TO COMPEL DEPOSITION OF
PLAINTIFF JOSEPH FERRARI
C19-5996- RJB-TLF - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       Second, the Board of Inquiry only voted that the preponderance of evidence did not support
2  Plaintiff's separation from the Navy based on a finding of sexual assault.  ECF Dkt. 21, at pg. 18.
3  Here, Plaintiff now has the burden of proving by a preponderance of the evidence that Lieutenant
4  Ford was *lying* about the sexual assault.  *See Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993); *Nacke*
5  *v. United States*, 783 F. App'x 277, 280–81 (4th Cir. 2019).  This issue was not properly before the
6  Board of Inquiry and Lieutenant Ford did not testify before the Board of Inquiry.

7       Third, even if the Board of Inquiry *had* found that Lieutenant Ford had lied about the sexual
8  assault (it did not), this determination would not have any preclusive effect on this Court's *de novo*
9  review of whether Lieutenant Ford was acting within the scope of her employment when she made
10 this report.  *See Mansfield v. Pfaff*, No. C14-948JLR, 2014 WL 4269508, at **6-7 (W.D. Wash.
11 Aug. 27, 2014) (holding that prior decisions of administrative tribunals do not have preclusive effect
12 unless the elements of collateral estoppel are met among other requirements).  Plaintiff has not met
13 his burden of showing that the Board of Inquiry's decision that Plaintiff should not be separated
14 from the Navy for sexual misconduct has any preclusive effect on whether the United States
15 properly determined that Lieutenant Ford acted in the scope of her employment when she reported
16 Plaintiff.  Furthermore, Plaintiff has provided no articulate reason why he should not be deposed
17 while the parties engage in limited discovery on Plaintiff's challenge to scope certification.

18       Based on the foregoing, the United States respectfully requests that its motion to compel be
19 granted.

20       //

21       //

22

23

24 UNITED STATES' MOTION TO COMPEL DEPOSITION OF
   PLAINTIFF JOSEPH FERRARI
   C19-5996- RJB-TLF - 4

DATED this 12th day of March, 2020.

        Respectfully submitted,

        BRIAN T. MORAN
        United States Attorney

        *s/ Kristen R. Vogel*
        KRISTEN R. VOGEL, NYBA # 5195664
        Assistant United States Attorney
        Western District of Washington
        United States Attorney's Office
        700 Stewart Street, Suite 5220
        Seattle, Washington 98101-1271
        Phone: 206-553-7970
        Email: kristen.vogel@usdoj.gov

        Attorney for the United States of America

UNITED STATES' MOTION TO COMPEL DEPOSITION OF
PLAINTIFF JOSEPH FERRARI
C19-5996- RJB-TLF - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970