UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH FERRARI,<br><br>                     Plaintiff,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                     Defendant. | CASE NO. 19-5996 RJB-TLF<br><br>ORDER ON MOTIONS TO COMPEL, TO STAY DISCOVERY AND FOR PROTECTIVE ORDER |

This matter comes before the Court on the Defendant's Motion to Compel (Dkt. 26) and the Plaintiff's Motion to Stay all Discovery and Motion for Protective Order (Dkt. 28). The Court has considered the pleadings filed regarding the motions and the file herein.

This case arises from reports that Plaintiff Joseph Ferrari sexually assaulted Erin Ford while they were both officers in the United States Navy. Dkt. 1. The case was originally filed in Kitsap County, Washington and named Ford as the Defendant. Dkt. 10. The Amended Complaint maintains that Ford lied. Dkt. 1-1. The Plaintiff asserts claims for slander, liable, defamation, and a "tortuous act." *Id.* The United States removed the case to this Court. Dkt. 1. Pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1), the United States certified that Ford was

employee of the United States and was acting within the course and scope of her official duties at the time. Dkt. 2-1. The United States substituted itself as the Defendant. Dkt. 2. The Plaintiff objected to the certification and substitution of the United States. Dkt. 12.

To resolve the certification issue, the parties agreed, by stipulation (at least twice), that limited discovery was necessary. Dkts. 17, at 1-2 and 19. On stipulated motion of the parties, the Court ordered that the Plaintiff's motion to seek review of the United States' certification, if any, was due by April 23, 2020; the government's response, if any, was due by May 18, 2020; and the Plaintiff's reply, if any, was due by May 22, 2020. Dkt. 20.

On February 20, 2020, the Plaintiff filed a motion for summary judgment and noted it for consideration on March 13, 2020. Dkt. 21. Some of the issues raised in the motion for summary judgment are related to the issues regarding certification. *Id.* The Court granted the government's motion to extend the deadline for its response to the motion for summary judgement to May 18, 2020. Dkt. 25. The Plaintiff's March 12, 2020 motion for reconsideration of that order was denied. Dkt. 29.

On March 12, 2020, the government filed a Motion to Compel Deposition of Joseph Ferrari. Dkt. 26. The United States notes that the parties met and conferred and were unable to resolve their dispute. *Id.* In this motion, the government states that it noted the Plaintiff's deposition, and that the Plaintiff now refuses to participate. *Id.* The government asserts that the Plaintiff's deposition is necessary to its defense of its decision to certify and intervene, and to its opposition to the motion for summary judgement. *Id.*

In his March 12, 2020 motion for reconsideration, the Plaintiff also moved for a stay of discovery, including issuing a protective order against deposition of Plaintiff, until after the Court decides the motion for summary judgment. Dkt. 28. He asserts that asserting that "it is

Plaintiff's position that this matter should be dismissed on summary judgment because this court must acknowledge and follow the military court final decision in this case finding the allegations Erin Ford to be unsubstantiated." *Id.*

The government responds and argues no good cause has been shown for either a stay in discovery or to protect the Plaintiff from deposition. Dkt. 30. It points out that that the Navy Board of Inquiry is not a binding "military court," the Board of Inquiry "only voted that the preponderance of evidence did not support Plaintiff's separation from the Navy based on a finding of sexual assault," (Plaintiff has the burden of proof to that Lieutenant Ford was lying in this case), and the Court is not collaterally estopped from considering the issues in this case. Dkt. 30.

In his reply, the Plaintiff again asserts that discovery should be delayed until after his summary judgment motion is decided, the government does not dispute that military tribunal decisions are binding on this Court, and this Court collaterally estopped and bound by the military Board of Inquiry decision. Dkt. 33.

The government, in its reply, argues that the Plaintiff should be compelled to participate in his deposition at a mutually agreeable date and time. Dkt. 32.

This opinion will first consider the Plaintiff's motion to stay discovery and motion for a protective order and then the government's motion to compel.

## **DISCUSSION**

**A. MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER**

Fed. R. Civ. P. 26 (b)(1) provides:

Unless otherwise limited by court order, the scope of discovery is as follows:
Parties may obtain discovery regarding any nonprivileged matter that is relevant
to any party's claim or defense and proportional to the needs of the case,
considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

Pursuant to Rule 26(c)(1)(A) and (D), for good cause, the court may "issue an order to protect a party or person from . . . oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [or] limiting the scope of disclosure or discovery."

The Plaintiff's motion to stay discovery until after the summary judgment motion is decided and motion for an order protecting the Plaintiff from having to participate in a deposition (Dkt. 28) should be denied. The Plaintiff has not pointed to sufficient good cause to stay discovery or to avoid being deposed. The government has raised valid arguments in opposition to his supposition that this Court is bound by the findings of the Navy Board of Inquiry. A final ruling on the question should not yet be made. In the meantime, discovery should continue.

**B. MOTION TO COMPEL PLAINTIFF'S DEPOSITION**

Fed. R. Civ. P. 37(a)(1) provides, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery . . ."

The government's motion to compel the Plaintiff's deposition (Dkt. 26) should be granted. The government certified that the parties conferred and were unable to resolve the

issue.  The Plaintiff should make himself available for deposition.  He chose to bring this case.  Parties should work together to find a mutually agreeable time to conduct the deposition with appropriate Covid-19 protections for all concerned.  The government's Motion to Compel (Dkt. 26) should be granted.

**IT IS ORDERED THAT:**

- The Plaintiff's motion to stay discovery and motion for a protective order (Dkt. 28) **ARE DENIED**; and
- The Defendant's Motion to Compel (Dkt. 26) **IS GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of March, 2020.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge