UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH FERRARI,<br><br>               Plaintiff,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | CASE NO. 19-5996 RJB-TLF<br><br>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION TO DENY UNITED STATES' CERTIFICATION, AND UNITED STATES' MOTIONS TO DISMISS |

This matter comes before the Court on the Plaintiff's Motion for Summary Judgment (Dkt. 21), the Plaintiff's Motion for Denial of Certification and Substitution of United States and Dismissal of United States (Dkt. 35), the Plaintiff's Motion for an Extension of Time to File a Reply (Dkt. 43), the United States' motion to dismiss based on the doctrine announced in *Feres v. United States*, 340 U.S. 135 (1950), (made in its Response to the Plaintiffs' motions Dkt. 36) and the United States' renewed October 25, 2019 motion to dismiss (Dkt. 8). The Court has considered the pleadings filed regarding the motions and the remaining file.

This case arises from reports that Plaintiff Joseph Ferrari sexually assaulted Erin Ford while they were both officers in the United States Navy. Dkt. 1. The case was originally filed in

Kitsap County, Washington and named Ford as the Defendant. Dkt. 10. The Amended Complaint maintains that Ford lied. Dkt. 1-1. The Plaintiff asserts claims for slander, liable, defamation, and a "tortuous act." *Id.* The United States removed the case to this Court. Dkt. 1. Pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1), the United States certified that Ford was employee of the United States and was acting within the course and scope of her official duties at the time. Dkt. 2-1. The United States substituted itself as the Defendant. Dkt. 2.

The Plaintiff now challenges the United States' certification, arguing that as a matter of law, this Court is bound by the findings of an August 7, 2018 Naval Board of Inquiry that he asserts found, by a preponderance of the evidence, that the Plaintiff did not commit the sexual assault. The United States opposes the motion and moves to dismiss the case. Dkt. 36. For the reasons provided herein, the Plaintiff's motion for summary judgment (Dkt. 21) should be denied and the Plaintiff's Motion for Denial of Certification and Substitution of United States and Dismissal of United States (Dkt. 35) should be denied, in part, and continued and the Plaintiff's request for a hearing should be granted. No opposition to the Plaintiff's Motion for an Extension of Time to File a Reply (Dkt. 43) was filed; that motion should be granted with no further analysis. The United States' motions to dismiss (Dkts. 8 and 36) should be considered after a decision on the certification question is issued.

**I.  FACTS AND PROCEDURAL HISTORY**

**A.  BACKGROUND FACTS**

On December 9, 2016, Lieutenant Commander Ferrari (the Plaintiff here) and Lieutenant Ford were both commissioned officers in the U.S. Navy. Dkt. 38, at 2. On that date, they were both serving aboard the U.S. Submarine Ohio, which was in Guam at the time. *Id.* Later that month, Lt. Ford left the USS Ohio and returned to her home submarine in Kings Bay, Georgia. *Id.*

On December 27, 2016, Lt. Ford reported the following to the U.S. Navy's Sexual Assault Prevention and Response Program: that on December 9, 2016, while on duty and located in Guam, Ferrari called her to his stateroom for a counseling session. Dkt. 38, at 2. During that counseling session, Ferrari approached her, and gave her a hug and a kiss without her consent. Dkt. 37, at 2; Dkt. 38, at 2.

After the Naval Criminal Investigative Service ("NCIS") conducted an investigation, Ferrari was charged with three violations of the Uniform Code of Military Justice ("UCMJ") as a result of the incident with Ford: (1) Article 92 (failure to obey order or regulation), (2) Article 120 (abusive sexual contact), and (3) Article 133 (conduct unbecoming an officer and gentlemen). Dkts. 38, and 38-1-38-3.

A little background on the military's disciplinary system is warranted. "The UCMJ provides four methods for disposing of cases involving offenses committed by servicemen: the general, special, and summary courts-martial, and disciplinary punishment administered by the commanding officer pursuant to Art. 15 UCMJ, 10 U.S.C. § 815." *United States v. Reveles*, 660 F.3d 1138, 1140 (9th Cir. 2011). "[D]isciplinary punishment administered by the commanding officer," is referred to as "Non-Judicial Punishment" ("NJP") and "is an administrative method of dealing with the most minor offenses." *Id.* "The standard of proof by which facts must be established at [NJP] is a 'preponderance of the evidence,' rather than 'beyond a reasonable doubt,' as it is at courts-martial." *Id.*, at 1141 (*internal citations omitted*).

In this case, after a preliminary hearing, all three UCMJ charges were referred for trial by a general court martial. Dkt. 38, at 3. Ferrari was arraigned on June 27, 2017. *Id.* The military prosecutors offered to adjudicate the charges in a NJP proceeding and Ferrari accepted. *Id.*

After considering the evidence, on October 2, 2017, the NJP found that Ferrari was guilty, by a preponderance of the evidence, of all three charges as a result of the incident with

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION TO DENY UNITED STATES' CERTIFICATION, AND UNITED STATES' MOTIONS TO DISMISS - 3

Ford. Dkt. 38, at 3-4; 38-5. Other than submitting a personal impact statement, Ford did not participate in the hearing. Dkt. 37. Ferrari was also found guilty of a separate UCMJ violation, UCMJ 111 (drunken or reckless operation of a vehicle, aircraft, or vessel), for an unrelated drunk driving incident which occurred in August of 2017. Dkt. 38-5. Ferrari was given a Punitive Letter of Reprimand regarding all charges. Dkt. 38, at 4. Ferrari's appeal of NJP's decision was denied on November 2, 2017. Dkt. 38, at 4.

Ferrari was ordered to appear before a Board of Inquiry, which was charged with making a recommendation to the Secretary of the Navy as to whether Ferrari should be retained in active duty service pursuant to 10 U.S.C. § 1182(b). Dkt. 38-6. Under 10 U.S.C. § 1182(b), "[t]he Secretary of the military department concerned shall convene boards of inquiry at such times and places as the Secretary may prescribe to receive evidence and make findings and recommendations as to whether an officer who is required under [10 U.S.C. § 1181] to show cause for retention on active duty should be retained on active duty."

The Board of Inquiry convened on the 3rd and 7th of August 2018. Dkt. 38-6. The Board of Inquiry found that the preponderance of the evidence supported a recommendation that Ferrari be separated from the Navy based on his violation of UCMJ Article 111 (drunken or reckless operation of a vehicle, aircraft or vessel). Dkt. 21, at 18. By a two-to-one vote, it found that the preponderance of the evidence did not support recommending that Ferrari be separated from the Navy for violations of UCMJ Article 92 (failure to obey order or regulation), Article 120 (abusive sexual contact), and Article 133 (conduct unbecoming an officer and gentlemen), which were the charges related to the incident with Ford. *Id.* The Board of Inquiry recommended that Plaintiff's separation with a "general discharge." Dkt. 21, at 19. Without citation to the record, the Plaintiff asserts that the Secretary of the Navy did not accept the recommendation.

Plaintiff filed this case, *pro se*, on November 8, 2018 in Kitsap County, Washington Superior Court.  Dkt. 10-1, at 2-4.  He filed an amended complaint on June 5, 2019.  Dkt. 1-1.  The Plaintiff's case was dismissed on July 11, 2019 for lack of personal jurisdiction.  Dkt. 10-2, at 95.  Lt. Ford is still an active duty naval officer and a resident of Connecticut.  Dkt. 37.  The Plaintiff appealed the dismissal to the Washington State Court of Appeals, Division II, on July 19, 2019.  Dkt. 10-2, at 95.

**B.  PROCEDURAL HISTORY**

The United States removed the case on October 18, 2019 from the Washington State Court of Appeals, Division II and substituted itself as defendant, certifying that Lt. Ford was acting within the course and scope of her official duties at the time she reported Ferrari.  Dkts. 1 and 2.

On October 25, 2019, the United States filed a motion to dismiss arguing that the case should be dismissed because: (1) the Court lacks subject matter jurisdiction over tort claims (like liable, slander and defamation) that are barred by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et. seq*.; (2) the Court lacks subject matter jurisdiction because the Plaintiff failed to exhaust his administrative remedies; and (3) leave to file a second amended complaint should be denied as futile.  Dkt. 8.

The Plaintiff responded and:  (1) objected to the substitution of the United States as defendant, arguing that if Ford lied about the sexual assault and other matters, she was not acting in the course or scope of her employment; (2) moved for leave to do discovery and for an evidentiary hearing to determine whether Ford was acting within the course or scope of her employment at the relevant time; and (3) argued that if Ford was not within the scope of employment, the motion to dismiss should be denied because the FTCA does not apply.  Dkt. 12.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION TO DENY UNITED STATES' CERTIFICATION, AND UNITED STATES' MOTIONS TO DISMISS - 5

1  The Court granted the Plaintiff's motion for leave to do discovery on the certification
2  issue and stayed all other deadlines.  Dkt. 16.  The government's motion to dismiss was stricken,
3  to be renoted, if appropriate, after a decision on the certification challenge.  *Id.*

4  Now pending is the Plaintiff's Motion for Summary Judgment (Dkt. 21) and Plaintiff's
5  Motion for Denial of Certification and Substitution of United States and Dismissal of United
6  States (Dkt. 35).  His Motion for Denial of Certification and Substitution of United States and
7  Dismissal of United States (Dkt. 35) is three pages and incorporates by reference, the arguments
8  raised in (and attachments to) his Motion for Summary Judgment (Dkt. 21, 22 and 24) and his
9  response to the United States' motion to dismiss (Dkts. 12 and 13).  All these pleadings will be
10 considered by the Court as Plaintiff's challenge to the United States' certification.

11  In the motion for summary judgment, the Plaintiff argues that the Court must view the
12 findings of the August 7, 2018 Board of Inquiry in his favor.  Dkt. 21.  He maintains that this
13 Court must grant deference to the Board of Inquiry's decision that a preponderance of the
14 evidence did not support the allegations of misconduct related to the incident with Ford.  *Id.*  He
15 asserts that this is a final decision by the Navy and that this Court is bound by that decision.  *Id.*
16 The Plaintiff maintains that there is no reason to have a hearing – this definitively settles the
17 question.  *Id.*  He asserts that even if the Court is not bound by that decision, nothing in Lt.
18 Ford's duties required that she report sexual abuse when she is the victim and making a false
19 report of sexual abuse is not within the scope of her employment.  *Id.*

20  The government responds and argues that the Navy Board of Inquiry is not a binding
21 military court, the Board of Inquiry only voted that the preponderance of evidence did not
22 support Plaintiff's separation from the Navy based on a finding of sexual assault, and the Court
23 is not collaterally estopped from considering the issues in this case.  Dkt. 30.  The government

24

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION TO DENY UNITED STATES'
CERTIFICATION, AND UNITED STATES' MOTIONS TO DISMISS - 6

1    points out that the Plaintiff has the burden of proving that Lieutenant Ford was lying in this case

2    and asserts he has failed to point to evidence supporting his assertion.  *Id.*  Accordingly, it argues

3    that his motion for summary judgment and motion to deny certification should be denied.  *Id.*

4    The United States argues further that the case should be dismissed because this Court lacks

5    jurisdiction over the claims pursuant to the doctrine announced in *Feres v. United States*, 340 U.S.

6    135 (1950).  *Id.*  It also argues that its October 25, 2019 motion to dismiss (Dkt. 8) should also be

7    granted and the case dismissed with prejudice.  *Id.*

8           The Plaintiff replies (Dkt. 45) and asks that the Court not rule on the government's

9    various grounds for dismissal without giving him time to file a response.  He again argues that

10   the Court is bound by the Board of Inquiry's decision.  Dkt. 45.  The Plaintiff asserts that if the

11   Court finds that it is not bound by that decision, an evidentiary hearing on the issue of whether

12   Lt. Ford was being truthful is necessary.  *Id.*

13                          **II.     DISCUSSION**

14         **A.  STANDARD ON MOTION FOR SUMMARY JUDGMENT**

15          Summary judgment is proper only if the pleadings, the discovery and disclosure materials

16   on file, and any affidavits show that there is no genuine issue as to any material fact and that the

17   movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c). The moving party is

18   entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

19   showing on an essential element of a claim in the case on which the nonmoving party has the

20   burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

21   of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

22   for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

23   (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

24

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION TO DENY UNITED STATES'
CERTIFICATION, AND UNITED STATES' MOTIONS TO DISMISS - 7

metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### B. PLAINTIFF'S CHALLENGE TO THE UNITED STATES' CERTIFICATION

Under the "Westfall Act, a federal employee is immune from suit upon certification of the Attorney General that the employee was acting within the scope of his employment."  *Pauly v. U.S. Dep't of Agri.*, 348 F.3d 1143, 1150 (9th Cir. 2003).  The U.S. Attorney certified that Ford was acting within the course and scope of her employment here.  "This certification is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident. The plaintiff bears the burden of disproving the certification by a preponderance of the evidence."  *Id.*, at 1151 (*internal quotation marks and citations omitted*).

Under the Westfall Act, state law governs the scope-of-employment inquiry. *Id*. Pursuant to Washington law, employees act within the scope of their employment, even if their "acts are contrary to instructions or constitute intentional torts, when [they are] engaged in the performance of the duties required" of them by their "contract of employment or when [they are] engaged at the time in the furtherance of the employer's interest." *Id*.

        1. <u>Decisions by Naval Administrative Bodies</u>

To the extent that the Plaintiff bases his motion for summary judgment and motion to deny the United States' certification on his assertion that this Court is bound by the determination of the August 7, 2018 Naval Board of Inquiry (that a preponderance of the evidence did not support the UCMJ charges related to Lt. Ford), and that that decision is "not reviewable," his motions should be denied. The Plaintiff cites to a series of cases which do not apply. For example, he points to *Burns v. Wilson,* 346 U.S. 137 (1953), which addressed whether judicial review of habeas corpus petitions was available to petitioners convicted in a military tribunal and *Caceres-Solari v. United States*, 141 Fed. Cl. 771, 788 (2019), which held that the plaintiff failed to show by cogent and clearly convincing evidence that his discharge from the military was arbitrary and capricious. Dkt. 21. The Plaintiff points to *Rostker v. Goldberg*, 453 U.S. 57 (1981), which held that the President is authorized by statute to require men and not women to register for the selective service and that that did not violate the Fifth Amendment, and *Weiss v. United States*, 510 U.S. 163 (1994), which related to the method of appointing military judges. None of these cases supports the Plaintiff's supposition that this Court is absolutely bound by the Board of Inquiry's findings on the UCMJ charges here. In fact, they support the proposition that in some instances, military tribunal decisions are reviewable. *See Caceres-Solari v. United States*, 141 Fed. Cl. 771, 788 (2019). More importantly, this Court

is not being asked to review the decision of the Board of Inquiry – whether it should be recommended to the Secretary of the Navy that the Plaintiff be discharged based on misconduct and what the characterization of the discharge should be.  The question here is whether Lt. Ford acted within the scope of her employment, or whether she lied, when she made her report.

The Plaintiff attempts to cherry pick the Navy's administrative actions to his benefit.  The NJP tribunal found that a preponderance of the evidence did support the charges – the Plaintiff lost his appeal of that decision; that decision is final as well.  Neither military tribunal was bound by the other's decisions.  Dkt. 38.  While the Plaintiff asserts that the Board of Inquiry's decision should be given more weight than the NJP's decision because the Board of Inquiry could recommend involuntary separation from the military, he offers no support for his contention.

The Plaintiff asserts that relitigation of the issue of whether he committed the acts which underpinned the Naval proceedings is barred by collateral estoppel, even though he does not refer to "collateral estoppel" in his pleadings.

"Collateral estoppel, also known as issue preclusion, prevents relitigation of an issue after the party estopped has had a full and fair opportunity to present its case." *Barr v. Day*, 124 Wash.2d 318, 324–25 (1994)(*internal quotation marks and citations omitted*).  A party asserting collateral estoppel, like the Plaintiff here, must establish four elements:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Weaver v. City of Everett*, 96189-1, 2019 WL 5251493, at *3 (Wash. Oct. 17, 2019).

The Plaintiff has failed to show that the issue presented here (whether Lt. Ford was acting in the scope of her employment when she reported him) was "identical" to the issue before the

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION TO DENY UNITED STATES' CERTIFICATION, AND UNITED STATES' MOTIONS TO DISMISS - 10

1  Board of Inquiry.  The Board of Inquiry was charged with determining whether the charges
2  supported a "reason for separation."  They did not necessarily find that Lt. Ford lied.  Further, it
3  is not clear that the Board of Inquiry issued a "judgment on the merits."  The Board of Inquiry
4  issued a recommendation to the Secretary of the Navy.  Moreover, Lt. Ford was not a "party to,
5  or in privity with a party to, the earlier proceeding."  She did not participate in the Board of
6  Inquiry proceedings.  While the Plaintiff asserts that she is in privity with the Navy, he fails to
7  point to any authority to support his assertion.  Additionally, application of the doctrine here
8  would work an injustice.
9        The Plaintiff fails to show that this Court is bound by the decision of a military tribunal.
10 The Plaintiff states in his reply (Dkt. 45) that that is the sole issue in his motions (Dkts. 21 and
11 35).  Accordingly, these motions should be denied to the extent they are based on this theory.
12       2.   <u>Scope of Employment Hearing</u>
13       If the Court finds that it is not bound by the Board of Inquiry's decision, as this Court
14 does here, the Plaintiff requests an evidentiary hearing to determine whether Lt. Ford was acting
15 within the scope of her employment when she made her report.  The United States opposes
16 having a hearing, arguing that the Plaintiff has failed to show in his motions that he is entitled to
17 a judgment as a matter of law.
18       As is relevant here, pursuant to Navy General Regulation Article 1137, "persons in the
19 naval service shall report as soon as possible to superior authority all offenses under the Uniform
20 Code of Military Justice ("UCMJ") which come under their observation . . ."
21       Accordingly, if Lt. Ford told the truth when she reported the December 9, 2016 incident,
22 then, she was acting within the course and scope of her employment.  The Plaintiff argues that
23 there is nothing that requires a service member victim to report a sexual assault and that they
24

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION TO DENY UNITED STATES' CERTIFICATION, AND UNITED STATES' MOTIONS TO DISMISS - 11

have several options, including not reporting it.  He reasons that any report made by a victim is not in the course of their employment with the Navy.  This assertion is contrary to Navy General Regulation Article 1137.  Further, considering the composition and mission of the U.S. Navy, this assertion is contrary to common sense.  The Plaintiff takes an overly limited view of what constitutes actions within the scope of employment.  Whether Lt. Ford was truthful or not in her reporting is squarely at issue.

This case is similar to *Osborn v. Haley*, 549 U.S. 225 (2007).  There the United States' Westfall Act certification was based on the government's determination that the misconduct alleged in the complaint never occurred.  *Id.* "Westfall Act certification is proper when a federal officer charged with misconduct asserts, and the Government determines, that the incident or episode in suit never occurred." *See Osborn,* at 247.  In such a circumstance, the *Osborn* Court went on to hold that "a complaint's charge of conduct outside the scope of employment, when contested, warrants immediate judicial investigation." *Id.* See *Loehndorf v. U.S.,* Western District of Washington case number 14-0106 JLR, 2014 WL 3752120, for an excellent discussion of this procedure.

An evidentiary hearing should be held on the limited issue of whether Lt. Ford was acting within the scope of her employment when she reported the December 9, 2016 incident.  The burden of proof is on the Plaintiff to show that Ford was not truthful in her reporting.  The hearing should be held as soon as practicable.  The parties should confer and inform the Court no later than June 26, 2020 of when this case will be ready for the hearing, suggesting dates, and whether the hearing can be conducted by video conference.

Any other issues raised by Plaintiff's challenge to the United States' certification should be considered after the evidentiary hearing.

## C. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Clearly, Plaintiff's motion for summary judgment should be denied. A material fact remains regarding whether Lt. Ford's report was truthful.

## D. UNITED STATES' MOTIONS TO DISMISS

The United States advances several grounds for dismissal in its various motions. All the grounds for dismissal hinge on whether its certification was proper. None of these motions should be considered until the hearing on the certification question is decided. These motions should be continued until after the decision on the certification question is issued.

## E. CASE SCHEDULE

A majority of the case deadlines in this case have been stayed for several months. A new case schedule, if appropriate, will be issued immediately after the hearing regarding certification.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Plaintiff's Motion for an Extension of Time to File a Reply (Dkt. 43) **IS GRANTED**;
- The Plaintiff's Motion for Summary Judgment (Dkt. 21) **IS DENIED**;
- The Plaintiff's Motion for Denial of Certification and Substitution of United States and Dismissal of United States (Dkt. 35) **IS DENIED, in part,** to the extent it maintains this Court is bound by the decisions of the administrative tribunals of the Navy; and **GRANTED, in part,** as to the Plaintiff's request for an evidentiary hearing, and **CONTINUED, in part**;
- The parties **SHALL FILE** a joint report by **June 26, 2020** informing the Court when this case will be ready for an evidentiary hearing and suggesting dates; and

advising the Court as to whether the hearing can be conducted by video conference

- All pending motions **ARE CONTINUED** to be considered after the evidentiary hearing and after the Court has ruled on the certification challenge.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 5th day of June, 2020.

                                                    *Robert J. Bryan*
                                                    ROBERT J. BRYAN
                                                    United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION TO DENY UNITED STATES' CERTIFICATION, AND UNITED STATES' MOTIONS TO DISMISS - 14