1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10
11
12
13
14

| | |
|---|---|
| JOSEPH FERRARI, | CASE NO. 19-5996 RJB-TLF |
| Plaintiff, | ORDER GRANTING UNITED STATES' MOTIONS TO DISMISS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

15        This matter comes before the Court on the United States' motion to dismiss based on the

16   doctrine announced in *Feres v. United States*, 340 U.S. 135 (1950), (made in its Response to the

17   Plaintiffs' motions - Dkt. 36) and the United States' renewed motion to dismiss (Dkt. 8).  The Court

18   has considered the pleadings filed regarding the motions and the remaining file.

19        This case arises from reports that Plaintiff Joseph Ferrari sexually assaulted Erin Ford

20   while they were both officers in the United States Navy.  Dkt. 1. The Amended Complaint

21   maintains that Ford lied.  Dkt. 1-1.  The Plaintiff asserts claims for slander, liable, defamation,

22   and a "tortuous act."  *Id.*  The United States removed the case to this Court.  Dkt. 1.  Pursuant to

23   the Westfall Act, 28 U.S.C. § 2679(d)(1), the United States certified that Ford was employee of

24

1    the United States and was acting within the course and scope of her official duties at the time.

2    Dkt. 2-1.  The United States substituted itself as the Defendant.  Dkt. 2.

3           On October 25, 2019, the United States filed a motion to dismiss arguing that the case

4    should be dismissed because: (1) the Court lacks subject matter jurisdiction over tort claims (like

5    liable, slander and defamation) that are barred by the Federal Tort Claims Act ("FTCA"), 28

6    U.S.C. § 1346, *et. seq.* and (2) the Court lacks subject matter jurisdiction because the Plaintiff

7    failed to exhaust his administrative remedies. Dkt. 8.  The Court granted the Plaintiff's motion

8    for leave to do discovery on the certification issue and stayed all other deadlines.  Dkt. 16.  The

9    government's motion to dismiss (Dkt. 8) was stricken, to be renoted, if appropriate.  *Id.*

10          Included in its Response to Plaintiff's motion for summary judgment and Motion for

11   Denial of Certification and Substitution of United States and Dismissal of United States, was the

12   United States' motion for the case to be dismissed because this Court lacks jurisdiction over the

13   claims pursuant to the doctrine announced in *Feres v. United States*, 340 U.S. 135 (1950).  Dkt. 36.

14          On June 5, 2020, the Court ordered that an evidentiary hearing be held on the issue of the

15   propriety of the United States' certification and substitution.  Dkt. 46. After the evidentiary

16   hearing, the Court denied Plaintiff's challenge to the United States' certification that Ford was

17   acting within the scope of her employment; the Court concluded that United States' substitution

18   as defendant was proper.  Dkt. 73.  The United States' motions to dismiss (Dkts. 8 and 36) were

19   renoted for October 16, 2020.  Dkt. 76.  Parties were informed that any further pleadings

20   regarding these motions should be filed in accord with the Local Rules.  *Id.*  The Plaintiff's

21   motion for reconsideration (Dkt. 77) and motion for a new trial, or relief from the judgment, or

22   reconsideration (Dkt. 79) were denied.  Dkts. 78 and 88.  No further pleadings regarding the

23   Unites States' motions to dismiss were filed.

24

The United States' motions to dismiss (Dkts. 8 and 36) have merit and should be granted. The Court does not have subject matter jurisdiction to consider the Plaintiff's claims.  Pursuant to 28 U.S.C. § 2680(h), the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, **libel, slander**, misrepresentation, deceit, or interference with contract rights . . ." 28 U.S.C. § 2680(h) (*emphasis added*).  Further, there is no showing that the Plaintiff exhausted his administrative remedies.

Additionally, the Plaintiff's claims are incident to his service as an active duty military member and so his claims are barred by the doctrine announced in *Feres v. United States*, 340 U.S. 135 (1950).

**IT IS ORDERED THAT:**

- The United States' motions to dismiss (Dkts. 8 and 36) **ARE GRANTED**; and

- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of October, 2020.

ROBERT J. BRYAN
United States District Judge